UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD WOODS** | **CIVIL ACTION** |
| **VERSUS** | **16-15405** |
| **SEADRILL AMERICAS, INC** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment. R. Doc. 16. Plaintiff opposes the motion. R. Doc. 21. Having considered the parties' arguments, submissions, and the applicable law, the Court now issues this Order and Reasons.

I. **BACKGROUND**

This case arises from injuries Plaintiff Donald Woods ("Woods"), a Jones Act seaman, sustained while assigned to the drill ship D/S WEST AURIGA by his employer, Defendant Seadrill Americas, Inc. ("Seadrill"). Plaintiff brought this action under general maritime law and 46 U.S.C. § 30104 (The Jones Act). R. Doc. 1 at 1. Seadrill allegedly owned, operated, or controlled the D/S WEST AURIGA at the time of the accident. R. Doc. 1 at 2.

Plaintiff alleges that he sustained severe personal injuries as a result of Defendant's negligence, including Defendant's failure to provide him with a safe place to work, failure to give proper warnings, and failure to adequately plan the drilling operation. Plaintiff also alleges that the unseaworthiness of the D/S WEST AURIGA was a proximate cause of his injury. R. Doc. 1 at 2. The incident leading to injury occurred while Plaintiff was in the service of the vessel operating on the navigable waters of the Gulf of Mexico; thus, Plaintiff claims maintenance and cure as well as monetary damages for lost wages, lost earning capacity, pain and suffering, medical expenses,

disability and loss of enjoyment of life. R. Doc. 1 at 2-3.

Defendant timely answers and argues Plaintiff failed to state a cause of action upon which relief can be granted. R. Doc. 4 at 2. Defendant avers that any injuries were either caused by Plaintiff's own negligence or another superseding cause and that Plaintiff failed to mitigate his damages. R. Doc. 4 at 2.

## II. PRESENT MOTIONS

### a. Defendant's Motion for Partial Summary Judgment (R. Doc. 16)

Defendant filed a Motion for Partial Summary Judgment as to Plaintiff's unseaworthiness claim. R. Doc. 16. Defendant argues that the only proper defendant for an unseaworthiness claim is the owner of the vessel in question and that it is not now and never has been the owner or operator of the vessel. R. Doc. 16-1 at 1.

### b. Plaintiff's Response (R. Doc. 21)

Plaintiff responds in opposition arguing that while Defendant Seadrill may not be the owner of the WEST AURIGA, it is the operator of the vessel and as such is liable for unseaworthiness. R. Doc. 21. Plaintiff argues that Defendant was the operator of the WEST AURIGA because all of the supervising and managing employees were employees of Defendant Seadrill. R. Doc. 21 at 5. Plaintiff further alleges that all order for the vessel came from Defendant Seadrill. R. Doc. 21 at 5. Plaintiff argues that a jury could find that Defendant Seadrill was the operator of the vessel and therefore, summary judgment is precluded. R. Doc. 21 at 5.

### c. Defendant's Reply (R. Doc.)

In its reply, Defendant points out that Plaintiff does not allege Defendant is the owner of the WEST AURIGA. R. Doc. at 2. Therefore, Defendant argues, the only way for Plaintiff to bring a claim for unseaworthiness against Defendant is if it fits the one exception to the rule that only

2

owners can be liable for unseaworthiness. R. Doc. at 3. Defendant argues that it does not fit this exception because it is not the bareboat, or demise, charterer of the WEST AURIGA. R. Doc. at 3. Rather, as shown by the attached Bareboat Charter Agreement, the owner of the WEST AURIGA had a bareboat charter with Seadrill Gulf Operations Auriga, LLC. R. Doc. at 3. Therefore, Defendant argues, Plaintiff may not bring a claim for unseaworthiness against Defendant. R. Doc.

III. LAW & ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The duty to provide a seaworthy vessel is a nondelegable, "incident of vessel ownership." *Baker v. Raymond Int'l*, 656 F.2d 173, 181-82 (5th Cir. 1981); *Alvarado v. Diamond Offshore*

*Mgmt. Co.*, 2011 WL 4915543 (E.D. La. Oct 17, 2011). "The idea of seaworthiness and the doctrine of implied warranty of seaworthiness arises out of the vessel, and the critical consideration in applying the doctrine is that the person sought to be held legally liable must be in the relationship of an owner or operator of a vessel." *Daniel v. Fla. Power & Light Co.*, 317 F.2d 41, 43 (5th Cir. 1963). "The one exception to this general rule is that a bareboat or demise charterer who assumes full possession and control of a vessel may owe a duty of seaworthiness with respect to that vessel." *Johnson v. PPI Tech. Servs., L.P.*, 13 F. Supp. 3d 614, 619 (citing *Baker*, 656 F.2d at 173; *cf. Martin v. Walk, Haydel & Assocs., Inc.*, 742 F.2d 246, 248–49 (5th Cir. 1984) (holding that employer did not warrant boats' seaworthiness when employer was merely a user and not a demise charterer).

Here, Plaintiff's claim for unseaworthiness arises from injuries that occurred on the WEST AURIGA. Defendant Seadrill is not the legal owner of the WEST AURIGA. Defendant Seadrill was not the bareboat, or demise, charterer of the WEST AURIGA. Therefore, Defendant cannot be held liable for unseaworthiness.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment, R. Doc. 16, is hereby **GRANTED**.

New Orleans, Louisiana, this 25th day of September, 2017.

_____
UNITED STATES DISTRICT JUDGE

4